UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL TERCERO BRIONES,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LaROSE, Senior Warden Otay Mesa Detention Center, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No.: 3:25-cv-03421-RBM-AHG<br><br>**ORDER GRANTING HABEAS PETITION**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Miguel Angel Tercero Briones's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by the United States Department of Homeland Security ("DHS"). (Doc. 1.)  For the reasons set forth below, the Petition is **GRANTED**.

## I.　BACKGROUND

Petitioner is a citizen of Honduras who entered the United States in 1991 without inspection.  (Doc. 1 ¶ 21.)[1]  Although Petitioner was detained upon entry, the former

---

[1] The Court cites the paragraph numbers of the Petition and the CM/ECF electronic pagination for all other filings.

Immigration and Naturalization Service ("INS") released him on his own recognizance and commenced removal proceedings. (*Id.* ¶ 22.) An immigration judge denied Petitioner's asylum application in March 1992 and Petitioner appealed the denial. (*Id.* ¶ 23.)[2] The INS approved an advanced parole travel document for Petitioner in June 1995 which allowed him to depart the United States to visit his sick child. (*Id.* ¶ 24.) In July 1995, Petitioner re-entered using his advanced parole document and has not departed since. (*Id.*) The Board of Immigration Appeals ("BIA") denied his appeal in February 1999 and Petitioner was placed on an Order of Supervision in May 1999. (*Id.* ¶ 25.) In or around 2001, Petitioner was granted Temporary Protected Status ("TPS"). (*Id.*)

From May 1999 to October 2025, Petitioner reported to his check-ins as directed in his Order of Supervision and complied with all the conditions of his release. (*Id.* ¶ 26.) He has also been regularly employed with a valid work authorization and has no criminal record. (*Id.* ¶ 27.) Additionally, "Petitioner is the beneficiary of an approved Form I-130, Petition for Alien Relative, filed by his United States citizen daughter." (*Id.* ¶ 28.) Petitioner alleges that he is not subject to any apparent ground of inadmissibility and therefore qualifies for a "straightforward adjustment of status" based on the approved Form I-130 and an "old, approved labor certification." (*Id.*) As a result, Petitioner filed a Motion to Reopen with the BIA on September 2, 2025, which remains pending. (*Id.* ¶ 29.)

On October 16, 2025, Petitioner was detained while attending his annual check-in with DHS. (*Id.* ¶ 30.) He was informed that he was detained "because his TPS had expired." (*Id.*) Petitioner remains in custody at the Otay Mesa Detention Center. (*Id.*)

## II.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of

---

[2] The Petition contains a duplicate paragraph numbered 23. (*See* Doc. 1 ¶ 23.) The Court therefore cites the sequential paragraph numbers going forward.

that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. § 2241(c)(3).

### III.   DISCUSSION

Petitioner claims his current detention violates the Administrative Procedure Act and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 1, 30–47.) Respondents argue that: (1) Petitioner's claims are jurisdictionally barred under 8 U.S.C. § 1252(g) and § 1252(b)(9); (2) Petitioner's detention is within the six-month presumptively reasonable detention period under *Zadvydas*; and (3) even if ICE failed to comply with the regulatory requirements, Petitioner cannot show prejudice from such violations. (Doc. 5 at 3–12.)

Respondents' arguments are similar to those recently addressed by the undersigned. As a threshold matter, this Court has consistently rejected Respondents' argument that similarly situated petitioners' claims are jurisdictionally barred under 8 U.S.C. § 1252(g) and § 1252(b)(9). *See Rasakhamdee v. Noem*, Case No.: 3:25-cv-02816-RBM-DEB, 2025 WL 3102037 at *2 (S.D. Cal. Nov. 6, 2025) (finding § 1252(g) did not bar the Court exercising jurisdiction over the petitioner's claims where he challenged the legality of his detention, not the legitimacy of his order of removal); *Ghafouri v. Noem*, No. 3:25-cv-02675-RBM-BLM, 2025 WL 3085726, at *3 (S.D. Cal. Nov. 4, 2025) (same); *Alatorre Rodriguez v. LaRose*, Case No.: 3-25-cv-02940-RBM-JLB, 2025 WL 3456475, at *2–5 (S.D. Cal. Dec. 2, 2025) (holding § 1252(g) and § 1252(b)(9) did not bar jurisdiction where the petitioner challenged the legality of his continued detention rather than the decision to commence removal proceedings or any act to execute a removal order).

This Court has also granted several habeas petitions filed by similarly situated petitioners based on ICE's failure to follow its own regulations in revoking the petitioner's release. For example, in *Rasakhamdee*, the Court concluded that ICE failed to follow its

regulations because: (1) the petitioner did not receive adequate notice of the reasons for the revocation of his release; and (2) ICE did not conduct the required interview when it had over six weeks to do so.  2025 WL 3102037, at *4–5; *see also Ghafouri*, 2025 WL 3085726, at *4–5.  The Court reached the same conclusion in *Touch v. Noem*, where the petitioner was differently situated than the petitioner in *Rasakhamdee*.  Case No.: 3:25-cv-03118-RBM-AHG, 2025 WL 3278019 at *3, *6 (S.D. Cal. Nov. 25, 2025), *adopted*, Case No.: 3:25-cv-03118-RBM-AHG, 2025 WL 3296280 (S.D. Cal. Nov. 26, 2025).  Although Respondents had obtained travel documents for the petitioner's removal and provided adequate notice, the Court nonetheless found that ICE failed to comply with the required procedures when it failed "to provide [the petitioner] with an informal interview in the month since he was taken into custody." *Id*. at *6.

The Court has also rejected Respondents' arguments concerning prejudice and held that petitioners were "prejudiced by ICE's failure to comply with its own regulations" where they were deprived of "due process protections when [ICE] failed to provide [them] with sufficient notice or a prompt interview to respond to the reasons for revocation of his release." *Rasakhamdee*, 2025 WL 3102037, at *5; *see also Ghafouri*, 2025 WL 3085726, at *6 ("ICE deprived [the petitioner] of his due process rights and prejudiced his interests by failing to afford him the procedural safeguards the regulations were designed to protect."); *Touch*, 2025 WL 3296280, at *1 n.1 (finding the petitioner was prejudiced because "ICE violated regulations intended to provide due process protections.").

In this case, it is undisputed that Respondents did not provide Petitioner with a notice of revocation or an informal interview.  (*See* Doc. 5-1, Declaration of Daniel Negrin ["Negrin Decl."] ¶ 12.)  The Court therefore adopts its reasoning in the cases discussed above and applies it here.  For those same reasons, ICE's failure to comply with its regulations in revoking Petitioner's release violated Petitioner's due process rights and rendered his detention unlawful.

//
//

## IV.  CONCLUSION

Based on the foregoing reasons, the Court finds Petitioner's detention is unlawful and **GRANTS** the Petition.  Respondents are **ORDERED** to immediately release Petitioner from custody, subject to his preexisting Order of Supervision.

**IT IS SO ORDERED.**

DATE:  January 2, 2026

*Ruth Bermudez Montenegro*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE